# UNITED STATES DISTRICT COURT

District of Nevada

UNITED STATES OF AMERICA
v.
BARRY LEVINSON (1)

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:14-cr-0010-JCM-VCF
USM Number: 47516-048
E. BRYSON
Defendant's Attorney

**Date of Original Judgment:** 8/25/2015
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1,2,3, of the information
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§1349,1343,1341 | Conspiracy to Commit Mail and Wire Fraud | 7/2012 | 1 |
| 26 USC §7201 | Tax Evasion | 7/2012 | 2 |
| 18 USC §1343 | Wire Fraud | 7/2012 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/22/2015
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

James C. Mahan,  U.S. District Judge
Name of Judge    Title of Judge

October 14, 2015
Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case  
Sheet 2 — Imprisonment  
Case 2:14-cr-00010-JCM-VCF  Document 31  Filed 10/14/15  Page 2 of 12  
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 7

DEFENDANT: BARRY LEVINSON (1)  
CASE NUMBER: 2:14-cr-0010-JCM-VCF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

(60) months on count (2) and (78) months on counts (1 & 3) all to run concurrent for a total of (78) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

Lompoc, California  
Safford, Arizona

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☑ before 12:00 p.m. 8/21/2015 .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By_____  
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BARRY LEVINSON (1)
CASE NUMBER: 2:14-cr-0010-JCM-VCF

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

(3) years per count to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case  
         Sheet 3C — Supervised Release                                                  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BARRY LEVINSON (1)                                                  Judgment—Page ___ of 7  
CASE NUMBER: 2:14-cr-0010-JCM-VCF

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrant less Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. Internal Revenue Service Compliance - You shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. You shall file timely, accurate, and lawful income tax returns and show proof of same to the probation officer.

6. No Contact Condition - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of co conspirators in related cases listed in the pre sentence report, their residence or business, and if confronted by co conspirators in related cases listed in the pre sentence report in a public place, you shall immediately remove yourself from the area.

7. Employment Restriction - You shall be restricted from engaging in employment, consulting, or any association with any mortgage and banking investment business for a period of five years.

8. Community Service - You shall complete 100 hours of community service, as approved and directed by the probation officer.

9. Report to Probation Officer after Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

10. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

**ACKNOWLEDGEMENT**

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)    _____        _____  
              Defendant                                     Date

              _____        _____  
              U.S. Probation/Designated Witness           Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                    (NOTE: Identify Changes with Asterisks (*))

Case 2:14-cr-00010-JCM-VCF   Document 31   Filed 10/14/15   Page 5 of 12

DEFENDANT: BARRY LEVINSON (1)
CASE NUMBER: 2:14-cr-0010-JCM-VCF

Judgment — Page 4 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 0.00 | $ 12,228,913.40 plus |

* $ 243,435.00 is owed to the minor victims only.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Vistana HOA: Attn: Richard Haskin | $12,204,455.57 |  | 99.8% |
| 7450 Arroyo Crossing Parkway, Ste. 270 |  |  |  |
| Las Vegas, NV 89113 |  |  |  |
| Park Avenue HOA: | $24,457.83 |  | 0.2% |
| Park Avenue Homeowners Associate, c/o |  |  |  |
| FirstService Residential, |  |  |  |
| 8290 Arville Street, |  |  |  |
| Las Vegas, NV 89139 |  |  |  |
| TOTALS | $ 12,228,913.40 |  |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

　☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cr-00018-JCM-GWF |
| ) | |
| LEON BENZER, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:12-cr-00113-JCM-VCF |
| v. ) | |
| ) | |
| ROSALIO ALCANTAR, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:11-cr-00336-JCM-GWF |
| v. ) | |
| ) | |
| MARY ANN WATTS, ) | |
| ) | |
| Defendant. ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:11-cr-00339-LDG-GWF |
| ) | |
| v. ) | |
| ) | |
| DEBORAH GENATO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:14-cr-00010-JCM-VCF |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY LEVINSON, | ) | **SECOND AMENDED FINAL OMNIBUS RESTITUTION ORDER** |
| | ) | |
| Defendant. | ) | |

Based on findings made during the sentencings of the individual defendants enumerated below, the Court hereby enters the following order regarding restitution in the above-captioned cases.

The following defendants are ordered to pay up to the following dollar amounts, jointly and severally, as restitution to the Vistana Homeowners' Association and the Park Avenue Homeowners' Association. Of restitution payments received, 99.8% shall be directed to the Vistana HOA, and 0.2% shall be directed to the Park Avenue HOA, as is commensurate with their share of the restitution awards.

| **Defendant Name** | **Case Number** | **Restitution Amount (Joint and Several Liability)** |
|---|---|---|
| Alcantar, Rosalio | 2:12-cr-00113-JCM-VCF | $25,826.20 |
| Alvarez, Jose Luis | 2:13-cr-00018-JCM-GWF | $184,200.84 |
| Alvarez-Rodriguez, Rudolfo | 2:13-cr-00018-JCM-GWF | $119,585.81 |
| Anderson, Ricky | 2:13-cr-00018-JCM-GWF | $41,642.49 |
| Benzer, Leon | 2:13-cr-00018-JCM-GWF | $12,228,913.40 |
| Bolten, Robert | 2:12-cr-00113-JCM-VCF | $135,932.36 |
| Brown, Glenn | 2:12-cr-00113-JCM-VCF | $5,295.00 |
| Deluca, Michelle | 2:12-cr-00113-JCM-VCF | $10,000.00 |
| Genato, Deborah | 2:11-cr-00339-LDG-GWF | $30,000.00 |
| Gillespie, Edith | 2:13-cr-00018-JCM-GWF | $85,780.00 |

2

| | | |
|---|---|---|
| Gregory, Keith | 2:13-cr-00018-JCM-GWF | $12,154,913.40[1] |
| Hawkins, Charles | 2:12-cr-00113-JCM-VCF | $147,884.00 |
| Hindiyeh, Sami | 2:12-cr-00113-JCM-VCF | $6,000.00 |
| Jones, Brian | 2:12-cr-00113-JCM-VCF | $10,000.00 |
| Levinson, Barry | 2:14-cr-00010-JCM-VCF | $12,228,913.40[2] |
| Limon, Maria | 2:13-cr-00018-JCM-GWF | $24,000.00 |
| Mattingly, Morris | 2:12-cr-00113-JCM-VCF | $190,471.03 |
| Watts, Mary Ann | 2:11-cr-00336-JCM-GWF | $39,350.00 |
| Winkler, Jeanne | 2:12-cr-00113-JCM-GWF | $47,000.00 |

These funds should be directed to the following:

- Vistana HOA: Attn: Richard Haskin, 7450 Arroyo Crossing Parkway, Suite 270, Las Vegas, NV 89113
- Park Avenue HOA: Park Avenue Homeowners Association, c/o FirstService Residential, 8290 Arville Street, Las Vegas, NV 89139

In addition, once Defendant Leon Benzer has satisfied his mandatory restitution to the above-listed HOAs (or other defendants have paid the $12,228,913.40 he owes to those HOAs), Defendant Leon Benzer is hereby ordered to pay $1,165,186.81 in restitution to the United States Treasury, pursuant to the restitution award in *United States v. Benzer*, Case No. 2:13-cr-174-KJD-CWH. These funds should be directed to: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO 64108.

/

/

/

---

[1] The Court originally ordered Defendant Gregory to pay $12,604,913.40 in restitution. However, Defendant Gregory should have received a credit for the $450,000 paid to Silver Lining Construction but ultimately recovered by the Vistana HOA, and his restitution amount is hereby reduced by that amount.

[2] The Court originally ordered Defendant Levinson to pay $19,000,000 in restitution. However, given that Defendant Leon Benzer was ordered to pay $12,228,913.40 in restitution and Leon Benzer was the leader of the conspiracy, Defendant Levinon's restitution award should not exceed Defendant Benzer's.

1 **IT IS SO ORDERED.**
2 Dated: August 18, 2015.

4 _James C. Mahan_

6 United States District Judge

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties                                  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BARRY LEVINSON (1)                                  Judgment — Page 5 of 7
CASE NUMBER: 2:14-cr-0010-JCM-VCF

## ADDITIONAL RESTITUTION TO MINOR PAYEES ONLY

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Terrence Thrower | $115,000.00 | $115,000.00 | |
| Sian Laine | $5,000.00 | $5,000.00 | |
| Jadon Brown | $1,400.00 | $1,400.00 | |
| Rainy Handley | $10,235.00 | $10,235.00 | |
| Dee Ann Handley | $10,800.00 | $10,800.00 | |
| Muya Malenga | $4,000.00 | $4,000.00 | |
| Mdowe Malenga | $2,500.00 | $2,500.00 | |
| Jerrica Sabino | $13,500.00 | $13,500.00 | |
| Exzavier Thrower | $16,000.00 | $16,000.00 | |
| William Wayda | $65,000.00 | $65,000.00 | |
| Total | $243,435.00 | | |

* The payment to the minor payees is not joint and several.

    * Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| Client Initials | Client Name | Restitution Due | To Be Sent To: |
|---|---|---|---|
| T.T. | Terrence Thrower | $115,000 | 1117 Bluff Ave, North Las Vegas, NV  89030 |
| S.L. | Sian Laine | $5,000 | 7713 Almeria Street, Las Vegas, NV 89128 |
| J.B. | Jadon Brown | $1,400 | 7713 Almeria Street, Las Vegas, NV 89128 |
| R.H. | Rainy Handley | $10,235 | P.O. Box 6033, Pahrump, NV 89041 |
| D.A.H. | Dee Ann Handley | $10,800 | P.O. Box 6033, Pahrump, NV 89041 |
| M.M. | Muya Malenga | $4,000 | 839 J Street, Las Vegas, NV 89106 |
| M.M. | Mdowe Malenga | $2,500 | 839 J Street, Las Vegas, NV 89106 |
| J.S. | Jerrica Sabino | $13,500 | 4755 Deer Forrest Avenue, Las Vegas, NV 89139 |
| E.T. | Exzavier Thrower | $16,000 | 1117 Bluff Ave, North Las Vegas, NV  89030 |
| W.W. | William Wayda | $65,000 | P.O. Box 72848, Roselle, Illinois, 60172 |
| **TOTAL** | | $243,435 | |

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case  
             Sheet 6 — Schedule of Payments                                                   (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BARRY LEVINSON (1)                                        Judgment — Page  6  of  7  
CASE NUMBER: 2:14-cr-0010-JCM-VCF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☑ Lump sum payment of $ 300.00 due immediately, balance due

       ☐ not later than _____ , or  
       ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B   ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑ Special instructions regarding the payment of criminal monetary penalties:

       Schedule of payments – 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the court based on ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.  
       "SEE SECOND AMENDED FINAL OMNIBUS RESTITUTION ORDER ATTACHED"

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.